IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONTESSA BLANKS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 25-00511-KD-N |
| | ) | |
| GULF COAST SECURITY, LLC | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the Motion for Default Judgment, (Doc. 11), filed by Plaintiff Contessa Blanks ("Blanks") against Defendant Gulf Coast Security, LLC ("Gulf Coast Security"). Upon consideration, and for the reasons below, the motion is **DENIED**.

### I.    Background

On December 11, 2025, Blanks filed this action against Gulf Coast Security alleging violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1).[1] According to the complaint, Blanks was employed by Gulf Coast Security "[a]t all times material to this action." (Id. at 1). Blanks "was required to work overtime hours and was not compensated for those hours." (Id. at 3). Blanks "seeks unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b)." (Id. at 2).

On February 19, 2026, Blanks moved for entry of default. (Doc. 9). The application explained that Gulf Coast Security's registered agent was personally served on January 22, 2026, and that Gulf Coast Security failed to respond to the complaint by the deadline—February 12,

---

[1] Plaintiff filed this complaint under "the collective action provision of the [FLSA] found at Section 216(b)," (Doc. 1 at 1), but no other plaintiffs have joined the lawsuit.

2026. (Doc. 9 at 2; Doc. 9-3). On February 20, 2026, the clerk made an entry of default against Gulf Coast Security. (Doc. 10).

### II.    Law

"There are two steps in the default process: (1) getting the clerk to make an entry of default; and then (2) obtaining judgment on the default." 2 Steven S. Gensler, Fed. R. Civ. P., Rules and Commentary Rule 55 (2024).[2] The core of default under Rule 55 is the failure to timely file a required responsive pleading. Id. However, the Eleventh Circuit has a "strong policy of determining cases on their merits." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). Thus, "default judgments are generally disfavored." Id. at 1245. Still, the default mechanism is necessary "so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (alteration in original) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)). Therefore, a default judgment is "warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain, 789 F.3d at 1245 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)). And to ensure the validity of a default judgment, the court must determine its jurisdiction both over the subject matter and the parties. See Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

---

[2] The clerk has already made an entry of default against Gulf Coast Security, so the issue is whether a default judgment is warranted.

### III.   Jurisdiction

### A.   Subject-matter jurisdiction

Federal question jurisdiction exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be presented "on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, federal question jurisdiction is presented on the face of the Complaint because this is a civil action brought pursuant to federal law—the FLSA.

### B.  Personal jurisdiction

"Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process." Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 925 n.15 (11th Cir. 2003). Under the Rule 4(k)(1)(A), "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). In other words, this Court has personal jurisdiction over Gulf Coast Security if it (1) has been properly served and (2) would be subject to jurisdiction in Alabama.

Defendants can be served in compliance with either the federal rules or the state law in the state where the district court is located or where service is made. See Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A). "Unless federal law provides otherwise" a domestic corporation may be served "in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); see also Ala. R.

Civ. P. 4(c)(6). Here, Gulf Coast Security's registered agent was personally served in Alabama. Therefore, Gulf Coast Security has been properly served.

A state may exercise personal jurisdiction over a defendant if jurisdiction is authorized by state law and consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1319 (11th Cir. 2004). "Alabama's long-arm statute authorizes Alabama courts to assert jurisdiction to the fullest extent constitutionally permissible." Id. (citing Ala. R. Civ. P. 4.2(a)(2)). Therefore, the issue is whether this Court's exercise of jurisdiction over Gulf Coast Security complies with the due process requirements of the Fourteenth Amendment.

The constitutional requirements for due process may be satisfied with general or specific jurisdiction. For general jurisdiction to exist, the defendant's contacts must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler AG v. Bauman, 547 U.S. 117, 127 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). For specific jurisdiction to exist, the defendant must establish minimum contacts with the forum state and jurisdiction must comport with fair play and substantial justice. 4A Wright & Miller's Federal Practice & Procedure § 1069 (4th ed. 2026). This analysis requires considering (1) whether the cause of action arises out of the defendant's forum related contacts, (2) whether the defendant purposefully availed itself to the forum, and (3) whether subjecting the defendant to the forum would be reasonable and fair. Id.

Here, Gulf Coast Security was formed in Alabama in 2021. Gulf Coast Security conducts business in Alabama, and its agent is registered in Alabama. Together, these facts *may* be sufficient to establish general jurisdiction in Alabama. See Wright & Miller, supra at § 1067.5 (explaining that place of incorporation can establish general jurisdiction but recognizing the bar for general

4

jurisdiction is high and the Supreme Court has yet to address specifically how to evaluate whether an LLC is subject to general jurisdiction). However, the Court is satisfied that Gulf Coast Security is subject to specific jurisdiction in Alabama because (1) this lawsuit arises out of Blanks' employment in Alabama, (2) Gulf Coast Security formed in Alabama, and (3) Gulf Coast Security conducts business in Alabama. Therefore, this Court has personal jurisdiction over Gulf Coast Security.

### IV.    Analysis

The standard for determining whether there is a "sufficient basis" for default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015). Under this standard, the court looks to see whether the complaint contains sufficient facts, "accepted as true, to state a claim for relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A default judgment is warranted "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Importantly, a defaulted defendant is deemed only to admit the plaintiff's well-pleaded allegations of fact—not unsupported facts or conclusions of law. Id.

Here, the complaint alleges that Gulf Coast Security violated the FLSA by failing to pay Blanks overtime compensation for all hours worked over 40 hours per week. The complaint requests "unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b)." (Doc. 1 at 2). Therefore, the Court must determine whether there is sufficient basis for a default judgment for FLSA violations that warrants the requested relief.

5

According to the complaint, this action is brought "pursuant to § 216(b) of the FLSA." (Doc. 1 at 5). Section 216 governs *penalties* for violations of the FLSA. 29 U.S.C. § 216 (titled "Penalties"). Specifically, Section 216(b) provides: "Any employer who *violates the provisions of section 206 or section 207* of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). Section 206 governs minimum wage. 29 U.S.C. § 206. Section 207 governs overtime compensation. 29 U.S.C. § 207 (titled "Maximum hours"). Thus, to state an FLSA claim for unpaid overtime compensation, the complaint must plausibly allege a violation of section 207.

Section 207 prohibits an employer from working an employee more than forty hours a week "unless such employee receives compensation for his employment in excess of [forty hours] specified at a rate not less than one and one-half times the regular ratee at which he is employed." 29 U.S.C. § 207(a)(1). "To be eligible for overtime compensation under the FLSA, 'an employee must first demonstrate that he is "covered" by the FLSA' through 'individual coverage' or 'enterprise coverage.'" Guevara v. Lafise Corp., 127 F.4th 824, 829 (11th Cir. 2025) (quoting Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011)).

An employee can demonstrate "individual coverage" by showing that he is "engaged in commerce or in the production of goods for commerce." St. Elien v. All Cnty. Env't Servs., Inc., 991 F.3d 1197, 1198 (11th Cir. 2021) (quoting 29 U.S.C. § 207(a)(1)).

> [F]or an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

6

Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006). Under the engaged in production of goods for commerce clause, "[e]mployees whose work is closely related and directly essential to the production of goods for commerce are individually covered under the FLSA." Id. at 1268 (citing 29 C.F.R. § 776.18 (2005)). "Congress has indicated that individual coverage under the FLSA includes even maintenance employees of an independent employer who performs work directly essential to producers of commerce." Id. (citing 29 C.F.R. § 776.18(b)). "Typical of the employees in this covered group are . . . employees of a security force that protects the producer's premises." Id. Analyzing individual coverage requires courts "to examine the individual employee's activities." St. Elien, 991 F.3d at 1198.

An employee can demonstrate "enterprise coverage" by showing that he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." St. Elien, 991 F.3d at 1198 (quoting 29 U.S.C. § 207(a)(1)).

> With respect to enterprise coverage, "[a]n employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'"

Ray v. Adams & Assocs., Inc., 599 F. Supp. 3d 1250, 1256 (S.D. Fla. 2022) (quoting Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010)). Analyzing enterprise coverage "requires an assessment of the enterprise's activities." St. Elien, 991 F.3d at 1198.

The complaint alleges that "[a]t all times relevant to this action, [Gulf Coast Security] was an 'employer' of [Blanks] as defined by § 203(d) of the FLSA." (Doc. 1 at 2). The complaint also alleges that "[a]t all times material to this action, [Blanks] was an 'employee' of [Gulf Coast Security] as defined by § 203(e)(1) of the FLSA." (Id.). The complaint does not, however, allege any facts to establish that Blanks is covered under section 207. The complaint simply states that

7

Gulf Coast Security engaged in business and does not specify the activities of the business. Therefore, the complaint fails to plausibly allege an FLSA claim for unpaid overtime compensation, and the motion for default judgment must be denied. See Vega v. PBS Constr. LLC, No. 6:23-CV-940-PGB-EJK, 2024 WL 4025268, at *3 (M.D. Fla. Sept. 3, 2024) (denying motion for default judgment on FLSA claim because the plaintiff's allegations of enterprise coverage were insufficient).

### V.    Conclusion

Blanks moves for a default judgment against Gulf Coast Security. The Court is satisfied that jurisdiction exists. However, the complaint fails to assert facts to show that Blanks is covered by the FLSA. Accordingly, the motion for default judgment, (Doc. 11), is **DENIED**.

**DONE** and **ORDERED** this the **29th** day of **April 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

8